FILED
99 SEP 21 AM 9:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 21 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOANN PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| FEDERAL MORTGAGE COMPANY, et al., | ) | 97-C-0800-S |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT
IN FAVOR OF DEFENDANT IRWIN MORTGAGE COMPANY**

The remaining claims in this case are asserted against the defendant Irwin Mortgage Company ("IMC"). IMC has moved for summary judgment on these claims. For the reasons that follow, the motion will be granted.

I

The Plaintiff JoAnn Price has withdrawn her claims under Real Estate Settlement Procedure Act, (RESPA), 12 U.S.C. § 2607(b) and her conspiracy claims under 42 U.S.C. §§ 1985 and 1986.

II

The Plaintiff claims in Count III of her complaint that IMC violated provisions of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, by failing to consider her



loan application "on terms free of sexual bias with respect to obtaining a home loan." Third Amended Complaint, Section III.

ECOA provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction[][] on the basis of race, color, religion, national origin, sex, or marital status, or age." 15 U.S.C. § 1691(a)(1). The ECOA further provides that each applicant against whom adverse action is taken is entitled to a statement of reasons for such action from the creditor. See 15 U.S.C. § 1691(d). "Adverse action" is defined as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(2)(B)(6).

In the present action, Price has offered no evidence that her loan contains any terms or conditions that are based on her sex other than simply restating that her "complaint clearly denotes that she seeks relief from terms and conditions based upon her sex." Plaintiff's Response, p. 3. She has simply failed to offer any evidence whatsoever that the terms and conditions of the loan she received were influenced in any manner by her sex or that her sex influenced IMC's decision regarding her loan.

The only action IMC took with regard to Price's loan was to approve and fund the loan on the terms and conditions specified n the application which Price and her former

2

husband Sydney Taylor requested and agreed.[1] Accordingly, because IMC took no adverse action with respect to Price's loan application, IMC should be entitled to summary judgment as to Price's claims for violations of ECOA.

### III

Plaintiff claims that IMC was a partner in a joint venture with Federal Mortgage Company ("Federal") whose employee, Larry Massengale, sought to condition approval of her loan application on her acquiesce to his sexual demands. She asserts that as a joint venturer, IMC is vicariously liable for the actions of both Federal and Massengale.

Under Alabama law, "in order to constitute a joint venture, there must be a community of interest and a right to joint control." *Moore v. Merchants & Planters Bank*, 434 So.2d 751, 753 (Ala. 1983).

There is no evidence of a community of interest or joint control of an enterprise between IMC and Federal. Accordingly there is no evidence of a joint venture, and IMC is entitled to summary judgment on this claim.

---

[1] Stated otherwise, any conduct of Massengale, even if true, would have been wholly unrelated and irrelevant as to IMC's decision regarding the funding of Price's loan for purposes of ECOA. IMC's only involvement in the loan transaction was to review Price and Taylor's loan application, approve the loan, and disburse funds on behalf of Price and Taylor.

3

IV

Plaintiff claims that IMC overcharged her for title insurance and artificially inflated the interest rate charged to her. Christopher Mosley, the attorney who represented the Plaintiff at the closing of the loan, has testified that the Plaintiff was not overcharged for title insurance or any other fees or services. The only evidence Plaintiff has offered on this issue is her statement that she did not understand the terms of her loan.

It is undisputed that IMC had no direct communications with the Plaintiff until sometime after the loan was closed. Therefore, IMC is entitled to summary judgment on this fraud claim.

By separate order the defendant IMC's motion for summary judgment will be granted.

DONE this 20th day of September, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON